UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| THE RESEARCH FOUNDATION FOR<br>THE STATE UNIVERSITY OF NEW YORK,<br><br>                 Plaintiff,<br>- v. -<br><br>COMPELSON LABS,<br><br>                 Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br>Index No.: 1:19-CV-0019 (GLS/DJS)<br>Date Filed: |

Plaintiff, The Research Foundation for The State University of New York ("Foundation"), as and for its Complaint, alleges as follows:

## SUMMARY OF CLAIMS

1. These claims arise under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq*. Foundation holds U.S. Patent Number 7,616,237 ("the '237 Patent") and U.S. Patent Number 7,787,030 ("the '030 Patent"). Defendant COMPELSON LABS has been and is continuing to infringe Foundation's patent rights through its activities in making, using, advertising, selling, and/or offering to sell certain products, and will continue to do so unless enjoined by this court.

## PARTIES

2. Foundation is a domestic nonprofit educational corporation, with a principal place of business at 35 State Street, Albany, New York 12207, and an office at the Innovative Technology Complex, Biotechnology Building, Suite 2100, Binghamton, NY 13902.

3. Upon information and belief, Defendant, COMPELSON LABS, ("Compelson") is a corporation organized under the laws of the Czech Republic, with a principal place of business

at Na Zertvach 34, 180 00, Prague 8, Czech Republic and a U.S. Office located at 75 Broadway, Suite 202, San Francisco, CA 94111.

## JURISDICTION

4.  This court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331 based upon the diversity, and § 1338 because the claims arise under the patent laws of the United States.

5.  This court has personal jurisdiction over Compelson under N.Y. Civ. L. R. § 302 because, upon information and belief, Defendant, among other things, conducts business in, and avails itself to the laws of the State of New York. In addition, upon information and belief, Defendant, through its own acts and/or through the acts of its U.S office makes, uses, offers to sell, sells, imports, licenses and/or supplies, in this District and elsewhere in the United States, products, through regular distribution channels, knowing such products would be used, offered for sale and/or sold in this District.

6.  Upon information and belief, Defendant directly or through subsidiaries or intermediaries, makes, uses, offers for sale, sells, imports, advertises, makes available and /or markets and, at all relevant times has made, used, offered for sale, sold, imported, advertised and made available and/or marketed products that infringe on Foundation's patents within the Northern District of New York, through its website: www.Mobiledit.com within this District.

**VENUE**

7.Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), (d) and 1400 (b).

8.Upon information and belief, Defendant resides in this District for purposes of venue, insofar as it is subject to the personal jurisdiction in this District, has committed acts of infringement of Foundation's patents in this District, and solicits business in this District.

9.Defendant advertises on its website that its software is "used by millions of users."

**FACTUAL BACKGROUND**

10.On November 10, 2009, the patent entitled "Method and Apparatus For Identifying an Imaging Device" was duly and lawfully issued based upon an application filed by the inventors, Jessica Fridrich, Miroslav Goljan, and Jan Lukas for an invention of a new technique for identifying whether images are derived from a common imager based on the device's measured or inferred reference noise pattern. A true and correct copy of the '237 Patent is attached hereto as Exhibit 1.

11.On August 31, 2010, a related patent entitled "Method and Apparatus For Identifying an Imaging Device" was duly and lawfully issued based upon an application filed by the inventors, Jessica Fridrich, Miroslav Goljan, and Jan Lukas for another invention of a new technique for identifying images from a camera, or other imaging device, based on the device's reference noise pattern.  A true and correct copy of the '030 Patent is attached hereto as Exhibit 2.

12. As of December 16, 2005 and June 2, 2006 respectively, Foundation is the assignee and the owner of all right, title, and interest in and to the '237 and the '030 Patents (hereinafter collectively referred to as the "Patents"). Since those dates, Foundation has been and still is the owner of the Patents.

13. The Summary of the Invention in the Patents state: "[i]n the same manner that bullet scratches allow forensic analysts to match a bullet to a particular gun barrel with reliability high enough to be accepted as legal evidence, the digital equivalent of bullet scratches should allow us to reliably match an electronic image to a sensor."

14. Upon information and belief, Defendant has been infringing on the Patents from at least 2015, and Defendant still is infringing on the Patents by making, selling, and using Camera Ballistics software embodying the patented inventions, and will continue to do so unless enjoined by this Court.

15. Upon information and belief, Defendant advertises and/or sells a Camera Ballistics software product (the "Accused Product") on the website: www.mobiledit.com; www.forensicstore.com/product/mobiledit-camrea-ballistics/; and www.facebook.com/MOBILedit/posts/ 896353780394892.

16. The advertisement for the Accused Product on those websites use language that mirrors the Summary of the Foundation's Patents including: "[t]he scientific forensic tool that matches a photo to a camera, like a bullet to a gun"; and "[w]e all know that ballistic fingerprinting is an essential method for investigation of guns. Now the same will be possible in the area of digital photography, as we can get a reliable answer to the question: 'Was this photo really taken by that camera?'".

17. Foundation has never given Defendant permission, authorization, or license to use the patented technology for its Accused Product, or otherwise.

18. Accordingly, Defendant is using the Foundation's patented technology for its Accused Product without permission, authorization, or license and thus infringing on these rights under the Patents.

19. The Foundation has given written notice to Defendant of such infringement on or about December 18, 2018. The Foundation has not received any response from Defendant.

## **COUNT ONE**
### **(Infringement on U.S. Patent No. 7,616,237)**

20. Foundation reasserts and realleges the allegations set forth in Paragraphs 1-19 of this Complaint.

21. On November 10, 2009, the patent entitled "Method and Apparatus For Identifying an Imaging Device" was duly and lawfully issued based upon an application filed by the inventors, Jessica Fridrich, Miroslav Goljan, and Jan Lukas for an invention of a new technique for identifying whether images are derived from a common imager based on the device's measured or inferred reference noise pattern. A true and correct copy of the '237 Patent is attached hereto as Exhibit 1.

22. As of June 2, 2006, Foundation is the assignee and the owner of all right, title, and interest in and to the '237 Patent.

23. Upon information and belief, Defendant directly or through intermediaries has been and continues to be engaged in making, having made, using, importing, supplying, distributing, selling, and/or offering for sale infringing products and/or systems, including but not limited to the Accused Product in the United States generally through its website, and the Northern District of New York specifically.

24. Upon information and belief, by its acts including, but not limited to, making, having made, using, importing, supplying, distributing, selling, offering for sale, and/or marketing of the Accused Product falling within the scope of one or more of the claims of the '237 Patent, Defendant has directly or indirectly (by inducement and/or contributory infringement) infringed, and is continuing to infringe the '237 Patent and is thus liable to Foundation pursuant to 35 U.S.C. §271.

25. Defendant has indirectly infringed and continues to infringe one or more of the claims of the '237 Patent by inducement under 35 U.S.C. §271(b). Defendant has induced and continues to induce users of the Accused Product to directly infringe one or more of the claims of the '237 Patent.

26. Upon information and belief, Defendant knowingly induced customers to use its Accused Product, including, for example, by promoting the Accused Product online, including, without limitation, through the website: www.mobiledit.com, and/or by providing customers with instructions and/or manuals for using the Accused Product.

27. Upon information and belief, Defendant's past and continued indirect infringement is without good-faith belief of non-infringement or invalidity.

28. Defendant's infringement of the '237 Patent is without consent of, authority of, or license from Foundation.

29. Upon information and belief, Defendant's infringement of the '237 Patent has been and continues to be willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. §285, entitling Foundation to its attorneys' fees and expenses.

30. As a result of Defendant's acts of infringement, Foundation has suffered, is suffering, and will continue to suffer damages in an amount to be proven at trial.

## COUNT TWO
### (Infringement on U.S. Patent No. 7,787,030)

31. Foundation reasserts and realleges the allegations set forth in Paragraphs 1-30 of this Complaint.

32. On August 31, 2010, the patent entitled "Method and Apparatus For Identifying an Imaging Device" was duly and lawfully issued based upon an application filed by the inventors, Jessica Fridrich, Miroslav Goljan, and Jan Lukas for another invention of a new technique for identifying images from a camera, or other imaging device, based on the device's reference noise pattern. A true and correct copy of the '030 Patent is attached hereto as Exhibit 2.

33. As of December 16, 2005, Foundation is the assignee and the owner of all right, title, and interest in and to the '030 Patent, and has the right to sue and recover damages for infringement thereof.

34. Upon information and belief, Defendant directly or through intermediaries has been and continues to be engaged in making, having made, using, importing, supplying, distributing, selling, and/or offering for sale infringing products and/or systems, including but

not limited to the Accused Product in the United States generally through its website, and the Northern District of New York specifically.

35. Upon information and belief, by its acts including, but not limited to, making, having made, using, importing, supplying, distributing, selling, offering for sale, and/or marketing of the Accused Product falling within the scope of one or more of the claims of the '237 Patent, Defendant has directly or indirectly (by inducement and/or contributory infringement) infringed , and is continuing to infringe the '030 Patent and is thus liable to Foundation pursuant to 35 U.S.C. §271.

36. Defendant has indirectly infringed and continues to infringe one or more of the claims of the '030 Patent by inducement under 35 U.S.C. §271(b). Defendant has induced and continues to induce users of the Accused Product to directly infringe one or more of the claims of the '030 Patent.

37. Upon information and believe, Defendant knowingly induced customers to use its Accused Product, including, for example, by promoting the Accused Product online, including, without limitation, through the website: www.mobiledit.com, and/or by providing customers with instructions and/or manuals for using the Accused Product.

38. Upon information and belief, Defendant's past and continued indirect infringement is without good-faith belief of non-infringement or invalidity.

39. Defendant's infringement of the '030 Patent is without consent of, authority of, or license from Foundation.

40. Upon information and belief, Defendant's infringement of the '030 Patent has been and continues to be willful. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. §285, entitling Foundation to its attorneys' fees and expenses.

41. As a result of Defendant's acts of infringement, Foundation has suffered, is suffering, and will continue to suffer damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF:**

WHEREFORE, Foundation respectfully requests judgment as follows:

(A) A declaration that the '237 and '030 Patents are valid and enforceable;

(B) A finding that Defendant has directly and indirectly infringed the claims of the '237 and '030 Patents;

(C) A preliminary and final injunction against continued infringement;

(D) A finding that such infringement has been willful;

(E) A finding that this is an exceptional case under 35 U.S.C. § 285;

(F) An order directing Defendant to account for and pay to Foundation all damages pursuant to 35 U.S.C. § 284 to adequately compensate Foundation for Defendant's infringement of the '237 and '030 Patents, but in no event less than a reasonable royalty for the use of the invention by Defendant, together with interest and costs as fixed by the court;

(G) Enhanced damages, in the form of treble damages, pursuant to 35. U.S.C. § 284;

(H) Attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

(I) Pre-judgment and post-judgment interest in accordance with 53 U.S.C. § 284 on damages caused to Foundation by reason of Defendant's infringement of the '237 and '030 Patents, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award; and

(J) Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Foundation hereby demands a trial by jury on all issues so triable in this action.

Dated:  January 4, 2018

THE RESEARCH FOUNDATION FOR
THE STATE UNIVERSITY OF NEW YORK

By:    /s/ *Allison Gottlieb*
Allison Gottlieb
Office of General Counsel & Secretary
35 State Street
Albany, New York 12207
(518) 434-7045